## Ex Parte French.

Where the judgment in favor of the defendants upon a special finding by the Circuit Court, embracing only part of the issues, was reversed here, and the case remanded, "with instructions to proceed in conformity with the opinion," — *Held*, that the court below is precluded from adjudging in favor of the defendants upon the facts set forth in that finding, but can in all other respects proceed in such manner as, in its opinion, justice may require.

FRENCH sued Edwards and others to recover the possession of certain lands, alleging that he was the owner in fee, and that the defendants unlawfully withheld the possession from him.

The defendants answered, setting up several defences, and among others the following : —

1. Want of title in the plaintiff.

2. Statute of limitations.

3. In some instances, title in themselves.

The case was submitted to the court without a jury; and upon the trial there was a special finding of facts, to the effect that the defendants were in the adverse possession of the property; that the plaintiff once held the title, but that, on the 9th January, 1863, and before the commencement of the suit, he had executed a certain instrument of writing, a copy of which was given.

Upon these facts the court found, as a matter of law, that the legal title passed out of the plaintiff by the operation of the instrument set forth, and did not revert on the failure of the conditions it contained, but still remained, and was vested in the grantees.   Judgment was given in favor of the defendants upon this finding.   The case was then brought here, and error assigned upon this ruling.   At the last term it was decided, that, upon the facts found, the court below should have presumed a reconveyance of the property to the plaintiff by the grantees in the instrument of Jan. 9, and adjudged accordingly.   The judgment was for this reason reversed, and the case remanded, " with instructions to proceed in conformity with the opinion." (See the case reported, 21 Wall. 147.)

Upon the filing of the mandate in the court below, the case was set down for a new trial.   French now moves here for a *mandamus*, directing the Circuit Court to enter judgment in his favor for the recovery of the lands upon the facts found.

The statute covering the case is as follows (Rev. Stat., sect. 649) : —

"Issues of fact in civil cases in any circuit court may be tried and determined by the court without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury.   The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Sect. 700 : —

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to sect. 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and, when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Sect. 701 : — .

"The Supreme Court may affirm, modify, or reverse any judgment, decree, or order of a circuit court, or district court acting as a circuit court, or of a district court, in prize-causes, lawfully brought before it for review, or may direct such judgment, decree, or order to be rendered, or such further proceedings to be had by the inferior court, as the justice of the case may require. The Supreme Court shall not issue execution in a cause removed before it from such courts, but shall send a special mandate to the inferior court to award execution thereupon."

The motion was submitted, on behalf of French, by *Mr. S. O. Houghton* and *Mr. John Reynolds*, on printed arguments.

The law provided, that, when the court tried a case without a jury, the findings might be general or special, and should have the same effect as a verdict of a jury.   Rev. Stat. 469.

Rev. Stat., sect. 914, adopts the State practice in common-law cases; and sect. 701, so far as it affects this question, is substantially the same as the statutes of California, under which it has been the settled practice in the Supreme Court of California, since *Holland* v. *San Francisco,* decided in 1857, to direct final judgment on the reversal of a judgment, when the case was decided in the Supreme Court upon special findings of fact.   Stat. of Cal. 1853, p. 289, sect. 8; Stat. of 1863, p. 334, sect. 7; Code C. P., sect. 45; *McMillan* v. *Richards,* 9 Cal. 421; *Wallace* v. *Moody,* 26 id. 387; *Page* v. *Rogers,* 31 id. 293; *McMillan* v. *Vischer,* 14 id. 242.   All the facts necessary to a final determination of the case were found.

*Mr. George F. Edmunds, contra.*

This court has *not* directed any judgment to be entered in favor of the plaintiff below.

To command the court below to enter a judgment for the plaintiff would be contrary to truth and justice, as appears from the facts disclosed by the record.

In cases arising under sects. 649 and 700, where the facts found are not sufficient to support the judgment below, it should be reversed here, and the cause remanded for a new trial. An order for a judgment for the other party would be improper.

If the parties in such a case desire to bring up *every thing* for review here, they can easily turn the findings into the form of pleas and replications, and thus have the cause heard here as if on a demurrer.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The finding brought here for review was special, and met only a part of the issues. If the conclusion of law to which the court came was correct, the other issues were immaterial. The case was disposed of without reaching them. We have, however, determined that the facts found were not sufficient to justify the conclusion reached; and have ordered the court to proceed with the case, notwithstanding the finding. In effect, we have decided that the court erred in not proceeding to try the other issues. Our action only precludes that court from adjudging in favor of the defendants upon the special facts found and sent here for our opinion. In all other respects, it is at liberty to proceed in such manner as, according to its judgment, justice may require.

*The petition for a mandamus is denied.*